**brown**rudnick

D. CAMERON MOXLEY
direct dial: 212.209-4909
cmoxley@brownrudnick.com

May 23, 2019

**VIA ECF**

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**RE:    Hertz Corp. v. Accenture LLP, No. 19cv3508 (WHP)**

Dear Judge Pauley:

In accordance with the Court's Individual Rules, we submit this letter in response to Accenture LLP's ("Accenture's") letter requesting a pre-motion conference regarding a motion to dismiss that Accenture wishes to file.  None of the arguments presented in Accenture's letter have any merit, and several are not properly the subject of a motion under Fed. R. Civ. P. 12.

As a preliminary matter, Hertz rejects Accenture's characterization of the facts in the "Background" section of Accenture's letter.  At this threshold stage of the case, the Court is required to accept as true the allegations in Hertz's Complaint and draw all inferences in Hertz's favor.  Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) (quoting Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 124 (2d Cir. 2008)).  Accenture's competing version of events is irrelevant at this point (and not an accurate characterization in any event).

Next, Hertz's Complaint sufficiently states a claim that Accenture violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").  Hertz does not merely claim that Accenture breached its agreement with Hertz; it specifically alleges that Accenture engaged in unfair, deceptive, and extortionate conduct in connection with those breaches.

Finally, Accenture argues prematurely about the effect of certain contractual provisions. Because Hertz has not yet enumerated the specific categories of its damages or had the opportunity to present evidence about Accenture's wrongdoing, this Court is not yet in a position to determine whether a contractual exclusion of consequential damages is even applicable.  Accenture's argument about a supposed release is not properly considered on a motion to dismiss, but even if it were, the release expressly excludes the breach of warranty claim that Hertz has asserted here.

---



The Honorable William H. Pauley III
May 23, 2019
Page 2

1.  Hertz has properly asserted its FDUTPA claim.

Contrary to Accenture's characterization of the Complaint, Hertz alleges much more than that Accenture failed to fulfill its contractual obligations.  As Accenture itself recognizes, Hertz can pursue a separate FDUTPA claim, even if related to Accenture's alleged breach, so long as the act giving rise to the breach is also an unfair and deceptive trade practice. PNR, Inc. v. Beacon Prop. Mgmt., Inc., 842 So. 2d 773, 777 n.2 (Fla. 2003) ("To the extent an action giving rise to a breach of contract or breach of lease may also constitute an unfair or deceptive act, such a claim is and has always been cognizable under the FDUTPA."); accord Rebman v. Follett Higher Educ. Grp., Inc., 575 F. Supp. 2d 1272, 1279 (M.D. Fla. 2008) (a party can bring a contract-based claim under FDUTPA if "the acts underlying the breach are, by themselves, unfair or deceptive.").

Hertz's FDUTPA claim here is not duplicative of its breach of contract claim; it contains numerous allegations of Accenture's unfair and deceptive acts in connection with Accenture's breach. See, e.g., Compl. ¶ 84 ("Accenture also acted deceptively when it expressly agreed to provide a responsive website and mobile application, including a medium (tablet) breakpoint, but then only provided small and large breakpoints. ***When Hertz pushed back and asked for the medium breakpoint to be provided as well, Accenture unfairly demanded to be paid hundreds of thousands of dollars of additional fees to provide what it had already failed to provide as promised.***") (emphasis added); Compl. ¶ 85 ("Accenture also assured Hertz it would provide a dynamic Visual Style Guide, but instead provided a static guide. ***When asked to fix this work product that was inconsistent with what had been promised, Accenture again unfairly demanded more money***.") (emphasis added).  Accenture's failure to provide a tablet breakpoint and its refusal to provide a dynamic Visual Style Guide are breaches of contract, but Accenture also acted unfairly, deceptively, and extortionately when it refused to provide the contractually required services and deliverables unless Hertz paid Accenture money in excess of what the parties had agreed.[1]  A determination of whether underlying conduct is unfair or deceptive is a question of fact that is not appropriately resolved on a motion to dismiss. See Thompson v. Procter & Gamble Co., No. 18-CV-60107, 2018 WL 5113052, at *2 (S.D. Fla. Oct. 19, 2018) ("Ordinarily, the question of whether a business practice . . . is deceptive, is a question of fact not appropriately resolved on a motion to dismiss."); Copans Motors, Inc. v. Porsche Cars N. Am., Inc., No. 14-60413-CV, 2014 WL 2612308, at *6 (S.D. Fla. June 11, 2014) (denying motion to dismiss because the question of whether conduct was unfair or deceptive under FDUTPA was "a question for the fact finder").

2.  Accenture's contract-based arguments are not properly addressed at this stage of the case.

Accenture also argues that Hertz's breach of contract claim should be dismissed to the extent that (1) Hertz seeks damages barred by the contractual documents and (2) Hertz asserts claims

---

[1] Accenture's argument about the applicability of Rule 9(b) is a red herring.  As set forth above, Hertz's Complaint alleges numerous instances of unfair and deceptive conduct, separate from the allegation that Accenture misrepresented its abilities and sufficient to state a claim under FDUTPA.  See Compl. ¶¶ 84-85.



The Honorable William H. Pauley III
May 23, 2019
Page 3

that are barred by a purported mutual release of a change request ("CR 1"). Each of these arguments is premature.

On the issue of consequential damages, Hertz's Complaint does not specify the specific categories of damages that it is seeking, because Hertz does not yet know them. Hertz does intend to seek the recovery of fees that it paid to Accenture for work that did not meet Accenture's warranty and had no value, but those are direct damages, and the parties' agreement expressly allows Hertz to recover them. Whether another category of damages is direct or consequential can only be determined in a specific factual context.

In addition, exculpatory clauses that limit damages are not necessarily enforceable: if Accenture engaged in conduct that "smacks of intentional wrongdoing" the exculpatory clause is unenforceable. Kalisch-Jarcho, Inc. v. City of New York, 58 N.Y.2d 377, 385 (1983). Accenture's wrongful conduct could be explicit, *i.e.* fraudulent or in bad faith, or it can be implicit, *i.e.* grossly negligence. Id. Hertz has alleged such conduct in its Complaint. See, e.g., Compl. ¶¶ 38, 43, 46-61, 64-66, 83-85.

Finally, Accenture's argument about a purported release in CR 1 is an affirmative defense not properly resolved on a motion to dismiss. "While an affirmative defense properly may be raised by a motion to dismiss, that is so only where the defense appears on the face of the pleading and the documents incorporated therein." Levine v. Columbia Labs., Inc., No. 03 CIV. 8943 (LAK), 2004 WL 1392372, at *1 (S.D.N.Y. June 22, 2004); see also Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, *if the defense appears on the face of the complaint*.") (emphasis added). Hertz's Complaint does not attach or even refer to CR 1, and thus the claimed release cannot serve as a basis for Accenture's motion to dismiss. See Levine 2004 WL 1392372, at *1. And while the Court cannot properly consider it at this juncture, the "Partial Release of Claims" in CR 1 was expressly limited in its scope in several different ways. Most importantly, the release specifically excluded (among other things) *"warranty of the Work Product pursuant to Section 6 ("Warranty") of the Agreement . . . ."* Count 1 of Hertz's Complaint is expressly a claim for breach of Accenture's warranties and thus unaffected by the release. See Compl. ¶¶ 74-79.

We look forward to discussing these matters with the Court.

Dated: New York, New York
       May 23, 2019

**BROWN RUDNICK LLP**

By:  _/s/ D. Cameron Moxley_____
D. Cameron Moxley
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
cmoxley@brownrudnick.com



The Honorable William H. Pauley III
May 23, 2019
Page 4

-and-

Edward J. Naughton (*pro hac vice*)
Rebecca M. Lecaroz (*pro hac vice*)
Kyle P. Dorso (*pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
enaughton@brownrudnick.com
rlecaroz@brownrudnick.com
kdorso@brownrudnick.com

*Counsel for Plaintiff The Hertz Corporation*