

1 North Castle Drive
Armonk, NY 10504

VIA EMAIL                              November 3, 2019

The Honorable William H. Pauley II
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312


Re:   The Hertz Corporation v. Accenture LLP, No. 19cv3508 (WHP)

Dear Judge Pauley,

I am counsel in the Corporate Litigation Department of the International Business Machines Corporation ("IBM") and am writing in connection with a discovery dispute between Hertz and Accenture in the above-referenced matter before the Court. This letter sets forth IBM's position with respect to that discovery dispute and specifically the confidential and competitively sensitive nature of the IBM information involved.

The dispute involves the "Attorneys Eyes Only" designation that Hertz asserts in providing access for the Accenture team to two (2) work environments that IBM and Hertz maintained in connection with the "Digital Mobilization Project" that was the subject of an IBM-Hertz contractual relationship, which IBM had succeeded to, upon Hertz's prior termination of Accenture. The two work environments designated Attorneys Eyes Only by Hertz are (1) JIRA, a repository collaborative environment in which IBM manages software development tickets for Hertz, which service and environment is active, continuous, and being developed and enhanced at this time (with respect to Hertz's Digital Mobility app), and (2) CONFLUENCE, a software collaboration workspace in which communications between IBM and Hertz take place, where project planning documents and tables of resources are posted, where terms of test stories (a proprietary trade concept of IBM used to develop end-products for IBM's clients) are included, where GO LIVE documents are posted, and, most importantly, where *all aspects* of documentation for the IBM-Hertz business engagement are merged. Within these two environments, information is made available and discussed about product development, product requirements, and product features. Critically, there are no documents within these two environments that address IBM's review of Accenture's code, or IBM's assessment of the prior work done by Accenture on a digital mobile app for Hertz.

There is, however, a substantial amount of IBM confidential and proprietary business information posted in these two work environments. That includes documents addressing how IBM will implement certain features in its development of software for Hertz, as well as narratives describing (1) IBM's business practices and procedures for developing and deploying customized software solutions for Hertz, (2) how IBM sets up the development environment, and

(3) how IBM codes, tests, and deploys its codes onto the "IBM Cloud Private" for Hertz. All of this is IBM's confidential, proprietary, and highly sensitive business information that reflects many years of IBM's development and skills in the software field, particularly in digital mobilization app development. IBM does not want this crucial information to be accessible or visible to Accenture's business or development teams because Accenture is a significant business competitor with IBM – particularly in this very space. Furthermore, the essence of this litigation centers around Accenture's holding itself out as highly skilled and as a front runner in digital mobility app development. This is precisely why an Attorneys Eyes Only designation exists. The IBM confidential and proprietary business information contained in the JIRA and CONFLUENCE environments reflects the unique expertise and skills that IBM has developed over many years and with significant expense. Providing unfettered access to this information to anyone other than Accenture's attorneys or retained third-party experts, under strict conditions of confidentiality, would be materially prejudicial and costly to IBM.

Within JIRA, tickets are tested and implemented, and this environment provides a window into IBM's past, present, and continuing performance of services for Hertz. Within CONFLUENCE, IBM shares its confidential and proprietary business information with Hertz as part of the IBM-Hertz project. This includes documentation of, among other things, IBM's business processes for testing, development, architecture, and team ceremonies – all of which are unique to IBM's conduct of business. Further, both JIRA and CONFLUENCE are actively being used for a DAY 2 contract -- the additional part of the IBM-Hertz engagement in which maintenance and additional enhancements are being made, and which has *no relevance* to any of the claims raised in this litigation between Hertz and Accenture.

IBM fully advocates for and supports the Attorneys Eyes Only designation made by Hertz for these two environments. IBM will be materially prejudiced if its competitor, Accenture, obtains IBMs proprietary information, trade secrets, and highly confidential information resulting from the Attorneys Eyes Only designation not being maintained. Accenture is one of IBM's primary business competitors in the Cloud Software space. Again, the Attorneys Eyes Only designation is created for this precise situation: preventing Accenture's business and technical personnel from getting the roadmap of how IBM services the clients for whose business IBM and Accenture compete.

Accordingly, IBM respectfully requests that the Court maintain the Attorneys Eyes Only designation for the JIRA and CONFLUENCE environments for which access was given by Hertz to the Accenture attorneys to conduct discovery in this case. In addition, IBM respectfully requests that it be permitted to participate telephonically in the hearing presently scheduled for Monday November 4, 2019 at 1:30 pm (which the undersigned was made aware of on Friday) and will have an IBM representative available who is knowledgeable about these matters.

Respectfully submitted,

*Stacey Blaustein*

Stacey Blaustein
Counsel - IBM Corporate Litigation