USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Hertz Corporation,

                     Plaintiff,

        -against-

Accenture LLP,

                     Defendant.

1:19-cv-03508 (WHP) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a discovery dispute between Defendant/Counterclaim-Plaintiff Accenture LLP ("Accenture") and Plaintiff/Counterclaim-Defendant The Hertz Corporation ("Hertz") regarding depositions to be taken by Accenture.

## BACKGROUND

Hertz brings this action against Accenture for breach of contract.[1] In 2016, Hertz decided to undergo a digital makeover by developing a new website and mobile applications for its vehicle rental brands (the "Project"). (Corrected First Am. Compl., ECF No. 26 ("Compl."), ¶ 23.) Since Hertz did not have the necessary expertise, it solicited proposals from technology service firms, including Accenture, and ultimately hired Accenture. (*Id*. ¶ 26.)

The Project was conducted in phases, with the work governed by a Consulting Services Agreement between Hertz and Accenture. (Compl. ¶¶ 25, 27, 28.) Between August and November 2016, Accenture completed work on Phase 1. (*Id*. ¶ 28.) On January 30, 2017,

---

[1] Hertz also asserted a claim for violations of the Florida Deceptive and Unfair Trade Practices Act, but that claim was dismissed by Judge Pauley in a Memorandum and Order, dated October 25, 2019. *See Hertz Corp. v. Accenture LLP*, No. 19-CV-03508 (WHP), 2019 WL 5537997, at *6 (S.D.N.Y. Oct. 25, 2019).

Accenture and Hertz entered Phase 2 of the Project, which required Accenture to actually design, build, test and deploy the website and mobile applications. (*Id*. ¶ 30.) Accenture committed to a December 2017 "go-live" date. (*Id*. ¶ 33.) By September 2017, Accenture informed Hertz that it would not be able to meet the promised December 2017 go-live date and requested an extension until January 2018, and later requested a second extension until April 2018. (*Id*. ¶ 35.) Hertz hired a new technology services provider for the Project in June 2018 and terminated Accenture. (*Id*. ¶ 63.)

Hertz commenced this action on April 19, 2019. In the operative pleading, Hertz seeks damages, including "the tens of millions of dollars that it paid to Accenture for the deficient services and deliverables, as well as the millions of dollars in additional costs that it has incurred in remediating and completing the Project." (Compl. ¶ 80.) Following Judge Pauley's Memorandum and Order deciding Accenture's motion to dismiss, Accenture filed its Answer and Counterclaims. (Answer, ECF No. 76.) Accenture makes specific reference to Change Request 1 to the Phase 2 Statement of Work. (Answer at p. 10.) Accenture asserts two counterclaims against Hertz for breach of contract. (*Id*. at p. 25.) Pursuant to a Revised Scheduling Order, dated December 9, 2019, the parties are due to complete fact discovery by May 13, 2020. (Scheduling Order, ECF No. 69.)

In February 2020, the parties met and conferred regarding the number of depositions that Accenture seeks to take, but were unable to reach agreement. (Joint Letter, ECF No. 77.) Accenture seeks to increase the number of depositions it is permitted to take from the presumptive limit of 10 depositions to a limit of 20 depositions. (Joint Letter at 4.) Accenture "also requests that the parties be permitted to depose any trial witnesses who were not deposed

2

prior to the filing of the witness list." (*Id*.) Hertz opposes an increase of the 10-deposition limit and also opposes Accenture's request to depose trial witnesses not previously deposed. (*Id*.)

On March 9, 2020, the parties' discovery dispute was referred to me by Judge Pauley. (Order of Reference, ECF No. 78.)

## **LEGAL STANDARDS**

Rule 30(a)(2) provides a presumptive limit of ten depositions per side, absent leave of court. *See* Fed. R. Civ. P. 30(a)(2)(A). "Rule 30(a)(2)(A) is intended to control discovery, with its attendant costs and delay." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Hicks, Muse, Tate & Furst, Inc.*, No. 02-CV-01334 (SAS), 2002 WL 1822738, at *2 (S.D.N.Y. Aug. 8, 2002) (citation omitted).

A court may increase the number of depositions "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) states in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Rule 26(b)(2)(C) states in relevant part:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

## **DISCUSSION**

The Court, in its discretion, denies Accenture's request to increase the number of depositions it seeks to take from 10 to 20. The Court has reviewed the list of 17 witnesses attached as Exhibit 2 to the Joint Letter. (Joint Letter Ex. 2, ECF No. 77-2.) Three of the witnesses have knowledge regarding Change Request 1 (Khalid Latif, Robert McInerney and Eugene Pizinger). (Joint Letter Ex. 2 at 1-2.) In addition, Hertz represents that five witnesses (Tyler Best, Matt Jauchius, Ray Kunik, Casey Cannon and Ryan Williams) worked in Hertz's marketing department and have "significantly overlapping information." (Joint Letter at 6.) "The mere fact that there are several individuals who may possess relevant information does not necessarily entitle a party to examine each of them." *Raba v. Suozzi*, No. 06-CV-01109 (DRH) (AKT), 2006 WL 8435603, at *1 (E.D.N.Y. Nov. 17, 2006). Like Magistrate Judge Tomlinson in *Raba*, "I find that avoiding cumulative discovery militates in favor of denying [Accenture's] motion at this time." *Raba*, 2006 WL 8435603, at *1. If, after reaching the presumptive limit of 10 depositions, Accenture can show good cause that there is non-cumulative deposition discovery that it still needs, and that such discovery is proportional to the needs of the case, it may seek leave to take one or more additional depositions.[2]

---

[2] The Court encourages Accenture to make suitable use of Rule 30(b)(6) as part of its deposition program. In that regard, the Court notes that "[a] deposition under Rule 30(b)(6) should, for purposes of [the 10-deposition] limit, be treated as a single deposition even though more than one person may be designated to testify." Fed. R. Civ. P. 30, Advisory Committee Notes, 1993 Amendment.

4

The Court also denies Accenture's request to depose trial witnesses not previously deposed as premature. If either side lists a trial witness who was not previously disclosed, pursuant to Rule 26(a)(1), the adverse party may seek leave from Judge Pauley to take an eve-of-trial deposition of such witness.

## **CONCLUSION**

For the foregoing reasons, the Court denies without prejudice Accenture's requests (1) to increase the number of depositions that it takes from 10 to 20, and (2) to depose trial witnesses who were not previously deposed.

Dated: New York, New York
      March 9, 2020

                                      **SO ORDERED**.

                                    */s/ Stewart D. Aaron*
                                    _____
                                    **STEWART D. AARON**
                                    **United States Magistrate Judge**